**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4021**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN PALMA FLORES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Rossie David Alston, Jr., District Judge. (1:20-cr-00142-RDA-1)

_____

Submitted: October 19, 2023                    Decided: October 23, 2023

_____

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Daniel J. Honold, Assistant United States Attorney, Katherine E. Rumbaugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Melvin Palma Flores ("Flores") of possession with intent to distribute marijuana, use of a firearm during a drug trafficking crime resulting in first-degree murder, and witness tampering, and the district court later sentenced Flores to 540 months in prison. On appeal, Flores challenges the district court's denial of his request to recall Laila Sheehy—the Government's key witness and Flores' girlfriend—so she could be questioned about a letter that counsel claimed undermined Sheehy's testimony implicating Flores in murder, and about which counsel was previously unaware ("the Sheehy Letter"). Flores also challenges the court's order denying his motion for a new trial based on newly discovered evidence. Finding no error, we affirm.

Evidentiary rulings and trial management, including whether to permit recall of witnesses, fall within the sound discretion of the trial court. *See United States v. Woods*, 710 F.3d 195, 200 (4th Cir. 2013) ("District courts generally enjoy broad discretion in ruling on the admissibility of evidence, as well as in the realm of trial management, which is quintessentially the province of the district courts." (cleaned up)). Relatedly, a trial court has discretion to curtail further questioning of a witness once a defendant has had a sufficient opportunity to examine the witness. *United States v. Blankenship*, 846 F.3d 663, 669-70 (4th Cir. 2017).

Here, while counsel was previously unaware of the Sheehy Letter, Flores received it months earlier but failed to inform counsel of its existence. Thus, counsel's lack of awareness of the Sheehy Letter was of Flores' own making. *Cf. United States v. Stewart*, 256 F.3d 231, 242 (4th Cir. 2001) ("[G]ranting [defendant's] mistrial motion on the basis

2

of [his] own misconduct would subvert the judicial process and allow [him] to benefit from his own wrongdoing."). In any event, because the Sheehy Letter makes only a single, general reference to "false charges," it was of slight evidentiary value. Furthermore, Sheehy was the Government's key witness and therefore underwent rigorous cross-examination, after which she was released. Indeed, because both parties agreed that Sheehy was not subject to recall, Sheehy remained in the courtroom after she testified and listened to the case agent's testimony. Thus, allowing Flores to recall Sheehy would have violated the Rule on Witnesses. *See* Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."). We therefore conclude that the trial court did not abuse its discretion by denying counsel's request to recall Sheehy as a witness. And even if the trial court's decision to curtail further examination of Sheehy constituted error, we find that the vast evidence of Flores' guilt would render any error harmless. *See United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021) (observing that "[e]videntiary rulings are . . . subject to harmless error review" and that "[t]he decisive factors to consider are the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error" (internal quotation marks omitted)).

We also review the district court's order denying Flores' motion for a new trial based on newly discovered evidence for an abuse of discretion. *United States v. Ali*, 991 F.3d 561, 570 (4th Cir. 2021). In conducting our review, we must bear in mind that "these are highly disfavored motions that a court should grant only sparingly." *Id.* (internal quotation marks omitted). Thus, to succeed on such a motion, "a defendant must . . . show[]

3

that (1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial." *Id.* at 571 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion when it determined that Flores failed to satisfy the articulated five-part test. As the district court correctly observed, the evidence underlying Flores' motion was not "newly discovered." In fact, the Government disclosed the substance of the "new[]" evidence well in advance of trial. We also agree that the evidence was merely cumulative or impeaching and would have had minimal value at trial. *Id.* (recognizing that impeachment evidence "goes only to the credibility of a witness and does not generally warrant the granting of a new trial" (cleaned up)). And as previously indicated, because the Government presented extensive evidence of Flores' guilt, it is highly improbable that the evidence would have resulted in Flores' acquittal. *See id.* (affirming denial of motion for new trial based on newly discovered evidence, in part because "the 'new' evidence that [defendant] proffered . . . came very late in the day . . . and would have hardly made any kind of difference").

Based on the foregoing, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4